**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**ERIK BOCHOVE, ELAINE BOCHOVE,**
and **CONRAD BOCHOVE,**

       Plaintiffs,

  VS.                                        CV 03-0219 MCA/RLP

**VILLAGE OF CORRALES, CORRALES
POLICE DEP'T, MICHAEL TARTAR,**
Individually and in His Official Capacity,
**TIM P. FRAZER,** Individually and in His
Official Capacity, and **JERRY SOSA,**
Individually and in His Official Capacity,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on *Defendants' Motion in Limine 1* [Doc. 30] filed July 2, 2004. Having considered the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court finds that the motion is well taken and that the evidence that is the subject of the motion is not admissible under the Federal Rules of Evidence.

**I.    BACKGROUND**

On February 18, 2003, Plaintiffs Erik, Elaine, and Conrad Bochove, through counsel, filed a *Complaint for Police Misconduct* [Doc. 1] against the Village of Corrales, Corrales Police Department; Michael Tartar, Chief of Police of the Village of Corrales; and Officers

Tim P. Frazer and Jerry Sosa.  In this 42 U.S.C. § 1983 action, Plaintiffs are seeking compensation for the alleged illegal search of the Bochove residence (Count I); wrongful detention of Plaintiff Elaine Bochove (Count II); wrongful deprivation of the Bochoves' property (Count III); use of excessive force (Count IV); and inadequate supervision and training (Count V).  Plaintiffs also seek the imposition of punitive damages against Defendants Frazer and Tartar (Counts VI and VII) and have requested class certification pursuant to Fed.R.Civ.P. 23.  All of the above claims arise from events occurring on February 24 and 25, 2001, when Defendants Tartar, Frazer, and Sosa arrived at the Bochove home to investigate a report of underage drinking at a party hosted by Plaintiff Conrad Bochove.  In the course of Defendants' investigation, Plaintiff Elaine Bochove allegedly became belligerent and was arrested.  [See generally Doc. 1].  Criminal charges of obstructing an officer and attempted battery on an officer were initiated against Plaintiff Elaine Bochove but were ultimately not pursued.  [Id. at 15].  "Related" charges were later presented against Plaintiff Elaine Bochove but a grand jury refused to indict her.[1]  [Id.].

Defendants now move to exclude as unduly prejudicial, and thus prohibited by Federal Rule of Evidence 403, any evidence, testimony, or argument relating to the fact that the charges originally brought against Plaintiff Elaine Bochove were not prosecuted.  [Doc. 30]. Defendants submit that Plaintiffs have conducted no discovery on the issue of why the criminal charges were not pursued and have identified no witnesses to testify on the issue.

---

[1] By contrast to the allegations in the *Complaint*, *Plaintiffs' Response in Opposition to Defendants' Motion in Limine No. 1* sets forth that Plaintiff Elaine Bochove was charged with assault upon a peace officer and resisting an officer. [Doc. 33 at unnumbered 1].

Absent testimony from the person who made the decision not to prosecute, or evidence as to the reason the charges were not prosecuted, argue Defendants, evidence of the non-prosecution is irrelevant, and its admission would both allow for improper jury speculation and be unduly prejudicial. [Id. at 2]. Plaintiffs respond that a grand jury refused to indict Plaintiff Elaine Bochove, which means the grand jury determined that there was not probable cause to charge her. Plaintiffs argue that such a determination is relevant to the central issue in this case: whether Defendants abused their police power. [Doc. 33].

**II.   ANALYSIS**

The Court's first inquiry is whether the evidence that is the subject of Defendants' motion in limine is relevant under the legal standard that the Court is required to apply in excessive-force cases. The standard for determining whether Defendants' use of force in this case was unreasonable or excessive is defined by the interpretation of the Fourth Amendment provided by the Supreme Court and the Tenth Circuit. See generally Medina v. Cram, 252 F.3d 1124, 1133 (10th Cir. 2001); Romero v. Bd. of County Comm'rs, 60 F.3d 702, 705 (10th Cir. 1995); Wilson v. Meeks, 52 F.3d 1547, 1554 (10th Cir. 1995), abrogated on other grounds by Saucier v. Katz, 533 U.S. 194 (2001). In particular, Plaintiffs' excessive-force claim must be analyzed under the Fourth Amendment standard of "objective reasonableness" as articulated by the Supreme Court in Graham v. Connor, 490 U.S. 386 (1989).

The subjective intentions or state of mind of either plaintiffs or defendants are not relevant to determining whether an officer's use of force is objectively reasonable under the Fourth Amendment. United States v. Sanchez, 89 F.3d 715, 718 (10th Cir. 1996). Rather,

"the reasonableness of an officer's conduct must be assessed 'from the perspective of a reasonable officer on the scene,' recognizing the fact that the officer may be 'forced to make split-second judgments' under stressful and dangerous conditions." Medina, 252 F.3d at 1131 (quoting Graham, 490 U.S. at 396-97).  This assessment must be "based upon the information the officers had when the conduct occurred," Saucier, 533 U.S. at 207, and is not to be judged "with the 20/20 vision of hindsight," Graham, 490 U.S. at 396.

There appear to be two sets of criminal charges at issue here.  Those for obstructing an officer and attempted battery on an officer apparently were dropped, according to the *Complaint*.  [Doc. 1 at 15, ¶ 71].  According to Plaintiffs, "related" charges that were presented against Plaintiff Elaine Bochove two months later were not pursued either because the District Attorney's office simply failed to follow up on them (Defendants' view) or because the grand jury refused to indict, thereby establishing that probable cause was lacking. (Plaintiffs' view).  [Doc. 30 at 2; Doc. 33 at unnumbered 1-2].  Regardless of the reason the charges against Plaintiff Elaine Bochove were not pursued, however, the Court concludes that evidence relating to that fact is inadmissible.

As explained above, the assessment of whether Defendants' conduct was objectively reasonable does not turn on the actions of the grand jury; "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396.  Moreover, Plaintiffs have not tendered any evidence or submitted any documentation to explain why the charges against Elaine Bochove were not pursued or what evidence may have been

presented to the grand jury.[2]

Accordingly, it is possible that the District Attorney's office did, in fact, believe there was probable cause to go forward but decided not to pursue the charges for reasons entirely unrelated to sufficiency of the evidence. To be sure, "[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). In any case, the Court concludes that admission of the evidence in question would improperly shift the jury's focus from an evaluation of the reasonableness of the arresting officers' actions, as judged by them at the scene, to the grand jury's "20/20 vision of hindsight." Graham, 490 U.S. at 396. For this reason, the Court finds that any evidence, testimony, or argument relating to the fact that the charges originally brought against Plaintiff Elaine Bochove were not prosecuted must be excluded under Fed. R. Evid. 403 ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .").

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that Defendants' motion in limine is well taken.

**IT IS, THEREFORE, ORDERED** that *Defendants' Motion in Limine 1* [Doc. 30] is **GRANTED**.

---

[2] In this regard, Plaintiffs would have the Court invade the province of the otherwise secret grand jury process.

**SO ORDERED**, this 20th day of July, 2004, in Albuquerque, New Mexico.

                                            **M. CHRISTINA ARMIJO**
                                            *United States District Judge*